IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MONTBLANC-SIMPLO GMBH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13cv1215 (LMB/TCB) |
| ) | |
| MONTBLANCMAGASIN.COM, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiff in this in rem action, Montblanc-Simplo GmbH, has filed a Motion for Entry of Default Judgment [Dkt. No. 13] against forty-five infringing domain names (collectively, "defendants" or "infringing domain names"), listed in an Appendix to this Order, arguing that those domain names are confusingly similar to the plaintiff's trademark and its website, and that they therefore violate the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(2). Plaintiff seeks judgment in its favor and a permanent injunction directing that ownership of the allegedly infringing domain names be transferred to plaintiff.

A magistrate judge held a hearing on plaintiff's Motion for Entry of Default Judgment on December 6, 2013, but no representative for defendants appeared or otherwise responded. On December 12, 2013, the magistrate judge issued a Report and Recommendation [Dkt. No. 18] ultimately recommending that the Court grant plaintiff's motion and that default judgment be entered in favor of plaintiff

with respect to all of the infringing domain names. The magistrate judge further recommended that domain name registries VeriSign, Inc., and Public Interest Registry be required to transfer ownership of the infringing domain names to Com Laude pursuant to 15 U.S.C. § 1125(d)(1)(C), and that Com Laude be required to register them in the name of plaintiff's parent company, Richemont International, Ltd., or any other such entity of plaintiff's choosing.

The Report and Recommendation explicitly advised the parties that any objections had to be filed within fourteen (14) days of its service, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b), and that a failure to file timely objections would waive appellate review of any judgment entered on the basis of the recommendations contained therein. As of January 31, 2014, no objections to the Report and Recommendation have been filed.

Having carefully reviewed the Report and Recommendation, the Court finds that it is accurate in all material respects. The factual findings and legal reasoning in the Report and Recommendation are adopted by this Court as its own. Accordingly, plaintiff's Motion for Entry of Default Judgment [Dkt. No. 13] is GRANTED, and it is hereby

2

ORDERED that default judgment be and is entered in plaintiff's favor with respect to each of the forty-five infringing domain names, for violating 15 U.S.C. § 1125(d)(2); and it is further

ORDERED that Verisign, Inc., and Public Interest Registry transfer ownership of the infringing domain names from their current registrants to Com Laude pursuant to 15 U.S.C. § 1125(d)(1)(C); and it is further

ORDERED that Com Laude register the infringing domain names in the name of plaintiff's parent company, Richemont International, Ltd., or any other such entity of plaintiff's choosing; and it is further

ORDERED that plaintiff make a good-faith effort to mail copies of this Order to the current registrants at the postal addresses identified in Exhibit 1 of the First Amended Complaint [Dkt. No. 3-1] and the Declaration of Martin B. Schwimmer [Dkt. No. 5-1].

The Clerk is directed to enter final judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55 and to forward copies of this Order to counsel of record, to Verisign, Inc., at 21345 Ridgetop Circle, Sterling, Virginia 20166, and to Public Interest Registry, at 1775 Wiehle Avenue, Suite 100, Reston, Virginia 20190.

Entered this 4th day of February, 2014.

Alexandria, Virginia

3

/s/
Leonie M. Brinkema
United States District Judge